UNITED STATES DISTRICT COURT
for the
DISTRICT OF MINNESOTA

| | |
|---|---|
| Elisha B. Feehan,<br>    Plaintiff,<br>v.<br><br>BCS Automotive Interface Solutions US, LLC; Group Long Term Disability Plan for employees of BCS Automotive Interface Solutions US, LLC; and the The Hartford Life and Accident Insurance Company,<br>    Defendants. | Civil Action No. _____ |

**COMPLAINT**

For her cause of action against Defendants, BCS Automotive Interface Solutions US, LLC, Group Long Term Disability Insurance for Employees of BCS Automotive Interface Solutions US, LLC, and Hartford Life and Accident Insurance Company, Plaintiff, Elisha B. Feehan, states and alleges as follows:

I.

Plaintiff, Elisha B. Feehan, is a Minnesota resident, residing in Winona County, Minnesota.

II.

BCS Automotive Interface Solutions US, LLC, is the plan sponsor and plan administrator for an employee benefit plan, with the plan administrator office located in Livonia, Michigan, and at all material times herein was, and is, providing coverage to employees in the State of Minnesota. BCS Automotive Interface Solutions US, LLC. maintains an "employee welfare benefit plan" within the meaning of 29 U.S.C. §1002(1), which includes: Group Long Term Disability Insurance for Employees of BCS Automotive Interface Solutions US, LLC ("long-term disability plan"). Any money judgment obtained as a result of this action shall be enforceable against the plans as an entity.

III.

Defendant, The Hartford Life and Accident Insurance Company, has sole discretionary authority to determine eligibility, determine entitlement to benefits, to administer claims, and pay

claims. The Hartford Life and Accident Insurance Company, has the authority to provide all relief requested herein.

IV.

There is proper subject matter jurisdiction, pursuant to 28 U.S.C. §1331(a), as the claim involves a federal question under 29 U.S.C. sec. 1001 et seq. There is proper personal jurisdiction as Defendants do business in, and/or have sufficient minimum contacts with Minnesota. The venue is proper as the events giving rise to the claim occurred in Minnesota.

V.

Plaintiff was a participant in the long-term disability plan detailed in paragraph II.

VI.

From March 23, 2019 to July 6, 2020, Plaintiff received long-term disability benefits through the long-term disability plan.

VII.

Plaintiff is disabled, meeting the definition of "totally disabled," in the long-term disability plan. Plaintiff will continue to be disabled on an indefinite basis.

VIII.

Plaintiff's disability began on September 19, 2018.

IX.

On July 7, 2020, Defendants discontinued Plaintiff's long-term disability benefits effective July 7, 2020 for arbitrary and capricious reasons and in contradiction of the terms of the aforementioned plan.

X.

Plaintiff filed a first level appeal on December 31, 2020.

XI.

On January 21, 2021, The Hartford Life and Accident Insurance Company provided additional information for Plaintiff's consideration, therefore tolling the 45-day deadline for issuing a decision or requesting for extension effective January 21, 2021 and until Plaintiff

provided a response. Plaintiff provided a response on February 17, 2021, ending the tolling of the decision or request for extension deadline. The Hartford Life and Accident Insurance Company was required to issue a decision or request an extension of that deadline by February 28, 2021.

XII.

The Hartford Life and Accident Insurance Company did not issue a decision nor request an extension prior to February 28, 2021.

XIII.

On April 21, 2021, Plaintiff demanded that the Defendants provide a specific description of why Defendants failed to issue a decision or request an extension by February 28, 2021.

XIV.

On April 27, 2021, Defendants responded to Plaintiff's April 21, 2021 correspondence, but Defendants failed provide any legal basis for their failure to issue a decision or request an extension by February 28, 2021.

XV.

Defendants' failure to issue a decision or request an extension in a timely manner had a significant adverse impact on Plaintiff and to allow Defendants to develop the administrative record outside of the statutorily-imposed deadlines, and corresponding plan language, would have a significant prejudicial impact on Plaintiff.

XVI.

As Defendants failed to comply with the strict statutorily-imposed timelines, and corresponding plan-imposed timelines, and Plaintiff's first level appeal must be deemed denied as of February 28, 2021.

XVII.

On April 27, 2021, The Hartford Life and Accident Insurance Company informed Plaintiff that it had denied her appeal.

XVIII.

Plaintiff has appealed the Defendants' discontinuance of long-term disability benefits pursuant to the provisions of the plan and has now exhausted all administrative remedies pertaining to the dispute.

XX.

The Defendants are in violation of the Employee's Retirement Income Security Act of 1974, 29 U.S.C. §1001, et seq. (ERISA) entitling Plaintiff to reinstatement of benefits, an award of benefits due, fees, costs and disbursement, interest for bringing this action, and other further relief, equitable or otherwise, as the Court may deem proper.

**WHEREFORE,** Plaintiff prays for judgment against the Defendants awarding Plaintiff the following:

a. Reinstatement of benefits;
b. All benefit due;
c. Fees, costs and disbursements;
d. Prejudgment and post-judgment interest; and,
e. For such other further relief, equitable or otherwise, as the Court may deem proper.

**KLAMPE, DELEHANTY, PASTERNAK & NIESEN, LLC**

DATE: May 20, 2021    By  /s/ Andrea B. Niesen
ANDREA B. NIESEN (0343493)
Attorney for Plaintiff
975 – 34th Avenue NW, Suite 400
Rochester, Minnesota 55901
Phone: (507) 288-2447
Fax: (507) 288-4412
Email:  andrea@klampelawfirm.com